**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSE MARVIN CHICAS CHICAS,

Petitioner,

v. No. 2:26-cv-02671-DHU-SCY

WARDEN, Otero County Processing Center; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; and MARY DE ANDA-YBARRA, Director, El Paso Field Office, Enforcement and Removal Operations,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus ("Petition"), where he argues that his detention violates the Due Process Clause of the Fifth Amendment.[1] Doc. 6. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody. *Id.* at 7.

In *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country are usually subject to [8 U.S.C.] § 1226(a) (and thus eligible for bond), not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th 1226, 1237 (10th Cir. 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States without inspection in 2004 and was subsequently detained by

---

[1] Petitioner also argues that his detention violates the *Accardi* Doctrine. *Id.* However, because the Court grants Petitioner's Petition on his Due Process claim, the Court "declines to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

Immigration and Customs Enforcement ("ICE") on February 27, 2026, in Midland, Texas. Doc. 8 at 1-2; Doc. 8-1 at 1; Doc. 8-2 at 3. Petitioner is, therefore, subject to Section 1226(a) and entitled to a bond hearing. Accordingly, Respondents' misclassification of Petitioner as subject to Section 1225(b)(2)(A) violates the Immigration and Nationality Act ("INA"). Additionally, Respondents' resultant and continued refusal to provide Petitioner with a bond hearing violates his due process rights. *Requejo Roman v. Castro*, 826 F. Supp. 3d 1267, 1282-84 (D.N.M. 2026).

Federal district courts are vested with "the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (internal quotation marks and citation omitted). Federal district courts, therefore, possess the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243. This includes the "power to grant *any form of relief necessary* to satisfy" the justice requirement. *Burton*, 975 F.2d at 693.

Federal regulations, as confirmed by the Supreme Court of the United States, require that noncitizens detained under Section 1226(a) "receive bond hearings at *the outset of detention*." *Jennings v. Rodriguez*, 583 U.S. 281, 306, 138 S.Ct. 830 (2018) (emphasis added). Petitioner here was detained on February 27, 2026. This means that Petitioner, at this point in time, should have been provided with a bond hearing over seven (7) months ago. Additionally, while the Tenth Circuit in *Santillan Quiroz* ordered that the petitioner in that case be provided with a bond hearing, it did not hold that a bond hearing was the only available remedy. *See* 180 F.4th at 1251 n. 13. This Court, therefore, finds that the appropriate remedy in this case is Petitioner's immediate release. *Munaf v. Geren*, 553 U.S. 674, 693, 128 S.Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." (citations omitted)).

Accordingly, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED THAT** Respondents release Petitioner within **twenty-four (24) hours** of this Order under reasonable conditions of release, and submit a status report no later than **three (3) days** from this Order confirming said release.

Finally, because the Court is adjudicating Petitioner's Petition for Writ of Habeas Corpus and granting him relief in this Order, Petitioner's Motion for Release from Immigration Detention (Doc. 9) is **DENIED AS MOOT**.

The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE